IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **JEFFREY ZIMMERMAN,** *Plaintiff*, | § § § |
| vs. | §  CASE NO.  6:21-cv-549 § JURY TRIAL REQUESTED § |
| **WACO SHOE COMPANY, LLC,** *Defendant.* | § § § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff, JEFFREY ZIMMERMAN, complaining of Defendant, WACO SHOE COMPANY, LLC, and in support of this Complaint, Plaintiff shows the Court as follows:

## I. STATEMENT OF CASE

1. Jeffrey Zimmerman, Plaintiff herein, bring this action against Waco Shoe Company, LLC, Defendant herein, for Defendant's failure to pay overtime wages in violation of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201, *et seq.*

## II. PARTIES

2. Plaintiff, Jeffrey Zimmerman, is an adult citizen of Texas.

3. Defendant, Waco Shoe Company, LLC, is a Texas limited liability company that employed Plaintiff. Defendant may be served with process through its

President, David "Brad" Granger, at 6301 Imperial Dr., Waco, Texas 76712.

## III. JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 201, *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question jurisdiction).

## IV. VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in this district. Plaintiff was hired in this district; Plaintiff worked in this district for Defendant at all times relevant to the causes of action alleged herein; and the conduct of Defendant which is the subject of this suit all occurred in this district.

## V. FACTUAL BACKGROUND

6. Defendant, Waco Shoe Company, LLC, manufactures and sells footwear.

7. Defendant hired Plaintiff on or around August 5, 2018, and he worked as an employee for Defendant until May 24, 2021.

8. At all times relevant to this action, Defendant was the employer of Plaintiff as defined by the FLSA at 29 U.S.C. § 203(d).

9. At all times relevant to this action, Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203(e).

10. At all times relevant to this lawsuit, Defendant and its employees, including Plaintiff, were engaged in commerce within the meaning of 29 U.S.C. §

203(b) of the FLSA.

11. At all times relevant to this lawsuit, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000, and its employees, including Plaintiff, handle and sell goods that have been moved in or been produced for commerce. 29 U.S.C. § 203(s)(1).

12. At all times relevant to this lawsuit, Plaintiff was an individual employee of Defendant who was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Plaintiff was an Information Technology (IT) employee for Defendant. Plaintiff does not have a college degree nor any certificates or specifications relating to computer applications, networking, or hardware. Plaintiff served as help desk IT support for Defendant's employees with the primary duty of assisting Defendant's employees with the software used for warehousing and shipping of products. Plaintiff also spent significant time assisting the order services clerk with processing the receiving orders. That clerk is an hourly employee who receives overtime.

14. Plaintiff's role and duties with Defendant did not involve any complex or specialized IT work. All such specialized and complex IT work was contracted by Defendant to outside vendors. For example, any modifications or changes to the software was handled by an outside vendor. Also, Defendant had another vendor—a managed service provider—that handled all aspects of the company's computer

infrastructure.

15. Defendant was both aware of and benefitted from Plaintiff's work in excess of forty hours each week.

16. Despite working more than forty hours per week, Defendant failed to pay overtime compensation to Plaintiff.

17. Defendant failed to accurately keep and maintain time records for all the hours Plaintiff worked.

18. Defendant paid Plaintiff a salary and classified him as an exempt employee.

19. Defendant improperly classified Plaintiff as exempt from the FLSA's overtime pay requirements.

20. Plaintiff was not exempt from the overtime pay requirements as no exemption applies to Plaintiff.

## VI. CAUSES OF ACTION

**Violation of the Fair Labor Standards Act (Failure to pay overtime wages)**

21. Plaintiff incorporates herein all allegations made in sections I-V above.

22. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

23. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or employed in an enterprise engaged in commerce. 29 U.S.C. § 207(a)(1).

24. Defendant is subject to the overtime pay requirements of the FLSA

because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

25. Defendant failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. § 201 *et seq.*, and its implementing regulations.

26. Defendant's failure to pay proper overtime wages for each hour worked over 40 hours per week was willful within the meaning of the FLSA.

27. Defendant's failure to comply with the FLSA caused Plaintiff to suffer loss of wages and other damages. Plaintiff is entitled to recover overtime compensation at a rate of one and one-half Plaintiff's regular rate of pay.

28. Plaintiff is entitled to damages equal to the overtime pay from August 5, 2018 through May 24, 2021.

29. Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid overtime pay.

30. All conditions precedent to this lawsuit have occurred.

## VII. DAMAGES

31. Plaintiff seeks to recover lost overtime pay from August 5, 2018 through May 24, 2021.

32. Plaintiff hereby sues for recovery of damages to the full extent allowed by the FLSA.

## VIII.

## LIQUIDATED DAMAGES

33. Defendant's unlawful act(s) in failing to pay overtime wages was not done in good faith. Nor did Defendant have reasonable grounds to believe that such actions and omissions were not a violation of the FLSA. As a result, Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid overtime pay under the FLSA.

## IX.

## ATTORNEY'S FEES

34. Plaintiff has also had to employ attorneys to vindicate his rights under the law, and therefore seek recovery of reasonable and necessary attorneys' fees, costs, and expert fees.

## X.

## DEMAND FOR JURY TRIAL

35. Plaintiff demands a trial by jury of all claims and issues in this cause.

## PRAYER

WHEREFORE, Plaintiff requests the Defendant be cited to appear and answer, and that on final hearing Plaintiff recover all actual and liquidated damages to which he is entitled, plus his reasonable and necessary attorneys' fees, costs of court, and all such other relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*Joel Shields*
_____
Michael L. Scanes
State Bar No. 17701000
Joel Shields
State Bar No. 24041907
SCANES & ROUTH, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 Fax

***Attorneys for Plaintiff,
Jeffrey Zimmerman***